12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff--Appellee,
v.
Nancy BROWN, Defendant--Appellant.
 No. 93-50037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Dec. 8, 1993.
 
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Nancy Brown appeals her jury convictions for conspiracy to commit theft, 18 U.S.C. Sec. 371, and theft of money from a program receiving federal funds, 18 U.S.C. Sec. 666. She contends that her convictions should be reversed for the following reasons: (1) the government presented perjured testimony; (2) the district court improperly instructed the jury on the elements of theft under Sec. 666; and (3) the court failed to instruct the jury not to use evidence of the convictions of Brown's accomplices when assessing her guilt. We affirm the convictions.
 
 
 3
 * Brown argues that her conviction should be reversed because perjured testimony by Agent Sobel was knowingly elicited by the government. Brown contends that Sobel lied under oath by stating that Brown "scooped up" bills of "various denominations" when in fact the stolen $18,000 consisted entirely of $20 bills.[1] The government argues that Sobel never perjured himself, nor did the government elicit perjury, and that the sole issue is whether Sobel was a credible witness. Nothing in the record supports the claim that the government knowingly elicited perjured testimony.
 
 
 4
 Perjury requires proof that the witness knew his testimony was false at the time it was given. See 18 U.S.C. Sec. 1621. However, there is no evidence that Sobel had any knowledge that his testimony was untrue. At most, his statements were inconsistent with other evidence presented at trial, a fact that the government concedes. We also note that the allegedly perjured testimony was not elicited by the government. Rather, Sobel's misstatements occurred during cross-examination. Thus, there can be no claim of misconduct by the government. See United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991) (rejecting claim that government had elicited perjured testimony where the alleged perjury was prompted by cross-examination of witness).
 
 
 5
 The issue is simply one of the Sobel's credibility. "Questions of credibility are for the jury to decide and are generally immune from appellate review." United States v. Gordon, 844 F.2d 1397, 1405 (9th Cir.1988). The jury found his testimony credible and handed back a conviction, a conclusion we will not disturb.
 
 II
 
 6
 Brown next challenges the district court's Sec. 666 theft instructions on three grounds: (1) that the court improperly included the term "willful" in its definition of embezzlement; (2) that the definition of conversion contains no reference to specific intent or a mental state; and (3) that the instructions define no requisite mental state at all for "stealing."
 
 
 7
 Embezzlement: Brown contends that the district court erred when it used "wrongful or willful" to define the required mental state for the embezzlement element. Brown did not object to the use of the term willful at any time prior to the beginning of jury deliberations, as is required by Fed.R.Crim.P. 30, so we review this portion of the instruction only for plain error.[2] Because "willful" is virtually indistinguishable from "wrongful" or "specific intent," we hold that it was not plain error to give this portion of the theft instruction.
 
 
 8
 Conversion: Brown argues that the definition of conversion in the instructions "contains no reference to any specific intent or mental state." However, the court's instructions clearly require that conversion be "knowing[ ]" or "willful." Section 666 itself states explicitly that theft occurs if one "knowingly converts" federal funds. 18 U.S.C. Sec. 666. Thus, the district court did not err in giving this portion of the instruction.
 
 
 9
 Stealing: Brown contends that the district court erred by failing to provide any definition of "stealing." Brown cites In Re Winship, 397 U.S. 358, 364 (1970), and its progeny as authority that the failure to instruct the jury on the requisite mental state for the "essential" element of stealing constitutes per se reversible constitutional error. Because Brown properly objected to this portion of the theft instruction, we review the instructions de novo.
 
 
 10
 We conclude that the district court's failure to define stealing was not reversible error. Brown's defense was that she never intended to take the money, that it was forced upon her, and that she planned to return it to the police the next day. Although the jury instructions did not specifically define a mental state for stealing, the instructions as a whole clearly conveyed that to convict Brown of both conspiracy and theft, the jury had to find that she intended to help other conspirators commit a theft of money from a program receiving federal funds. The jury could not have convicted Brown for conspiracy if they believed that she did not intend to participate in the theft.
 
 III
 
 11
 Brown also argues that the district court erred in failing to instruct the jury not to use evidence of the conspiracy convictions of cooperating codefendants in determining her guilt. She cites as authority United States v. Halbert, 640 F.2d 1000 (9th Cir.1981). In Halbert, we held that "the guilty plea or conviction of a codefendant may not be offered by the government and received over objection as substantive evidence of the guilt of those on trial." Id. at 1004. However, such evidence "may properly be considered by the jury in evaluating witness credibility." Id. We reversed Halbert's conviction because the jury was not "told in unequivocal language that the plea may not be considered as evidence of a defendant's guilt." Id. at 1006-07.
 
 
 12
 We review the court's failure to provide such an instruction for plain error; Brown never proposed such an instruction nor did she object to the court's failure to give one. We hold that there was no plain error. First, in instructing the jury on how to properly assess the credibility of the cooperating codefendants, the court reminded the jury that the codefendants were convicted felons and had previously lied under oath. Moreover, the court warned the jury to treat these witnesses' testimony with skepticism because they were admitted accomplices of Brown who were testifying pursuant to plea agreements made with the government. Finally, the record reveals that the testimony was properly elicited by the government to help establish the witnesses' first hand knowledge of their participation in the same criminal activities in which Brown was involved.
 
 
 13
 The convictions are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brown also asserts repeatedly that Sobel perjured himself by testifying that Brown was involved in stealing a portion of "the remaining $450,000" in $100s which was booked into evidence. However, Sobel never claimed any such thing. When Brown stole the $18,000 in $20s from Agent Guzman, there was in fact $468,000 in his room, leaving $450,000 to book as evidence
 
 
 [2]
 Brown's argument that the district court violated Fed.R.Crim.P. 30 by preventing her from objecting after the jury was instructed but before it began deliberations is unpersuasive. Rule 30 contemplates that instructions will be settled prior to closing arguments so as not to prejudice either side. United States v. Gaskins, 849 F.2d 454, 458 (9th Cir.1988). Brown failed to provide the court any input prior to closing arguments, and did not object to the court's proposed theft instruction at the November 20 instruction conference. Her sole "distinct" and "timely" objection came just before the court instructed the jury. It was placed on the record and preserved her objection to the stealing instruction. Brown voiced no other objections at this time, or after the jury was instructed but before it began deliberating, as Rule 30 permits. Her right to object under Rule 30 was satisfied